[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11534
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 14, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00186-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LAMEL DIGGS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 14, 2008)

Before BLACK, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Lamel Diggs appeals his 153-month sentence for (1) armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d) ("Count 1"); and (2) possession of a firearm during and in relation to the commission of a crime of violence, in violation of 18 U.S.C. § 924(c) ("Count 2").  Diggs argues that this sentence is procedurally and substantively unreasonable, in that the district court (1) did not afford Diggs an opportunity to speak before deciding to impose a sentence within the guidelines imprisonment range, (2) only considered one 18 U.S.C. § 3553(a) factor, (3) did not adequately explain its choice of sentence, and (4) imposed a sentence greater than necessary.  For the reasons set forth below, we affirm.

## I.

On the afternoon in question, 22-year-old Diggs and a codefendant armed themselves, entered a bank, and yelled for the bank's staff and customers to lay on the floor.  Diggs fired a round into the bank's ceiling and began searching for additional staff and customers in the bank's offices.  His codefendant vaulted the teller counter and began collecting money from the teller drawers.  Diggs and his codefendant ultimately collected $25,240.  They then fled the bank in Diggs's car.  The police ultimately tracked down and arrested both men.  In a post-arrest interview with authorities, Diggs apologized for his crime and for frightening the people in the bank that day.

Regarding Count 1, a probation officer set Diggs's base offense level at 20, pursuant to U.S.S.G. § 2B3.1(a); added two levels, pursuant to U.S.S.G. § 2B3.1(b)(1), because Diggs robbed a financial institution; added one level, pursuant to U.S.S.G. § 2B3.1(b)(7)(B), because Diggs robbed the financial institution of more than $10,000; and subtracted two levels, pursuant to U.S.S.G. § 3E1.1(a), because Diggs accepted responsibility for his actions. The probation officer set Diggs's criminal history category at I, as he had no prior criminal history. With a total offense level of 21 and a criminal history category of I, Diggs's recommended guideline imprisonment range for this count was 37 to 46 months. Regarding Count 2, the probation officer noted that, pursuant to U.S.S.G. § 2K2.4(b), the mandatory consecutive ten-year term of imprisonment required by § 924(c) controlled. The probation officer concluded that Diggs's total guideline imprisonment range was 157 to 166 months.

At a sentencing hearing, the district court adopted the probation officer's calculations, but subtracted another level, pursuant to U.S.S.G. § 3E1.1(b), because Diggs timely notified the government of his intent to plead guilty. Thus, Diggs's guideline imprisonment range as to this Count I was 33 to 41 months and his total guideline imprisonment range was 153 to 161 months. Diggs did not object to the court's calculations.

Diggs requested a downward variance, specifically 120 months' and one day's imprisonment. To this end, Diggs argued that he only was 22 years old, had worked his entire life and helped his single mother support his younger siblings, and never had been in trouble before. The district court denied Diggs's request for a non-guidelines sentence. The court reasoned that (1) the Guidelines adequately took into account that Diggs had no prior criminal history and (2) Diggs's crime involved a "violent, scary act of premeditated criminal conduct" that must be "severely punished." Diggs requested a sentence at the low end of the guideline imprisonment range.

The district court gave Diggs the opportunity to speak on his own behalf before the sentence was imposed, but Diggs declined to do so. The court sentenced Diggs to 33 months' imprisonment as to Count 1 and 120 consecutive months' imprisonment as to Count 2. The court explained that it found a sentence at the low end of the guidelines imprisonment range adequate in light of the nature and circumstances of the offense, the history and characteristics of Diggs – namely that he was young and had no prior criminal history, the need for the sentence imposed to adequately reflect the seriousness of the offense, and the need to avoid unwarranted sentencing disparities. The court concluded that the sentence imposed was reasonable in light of § 3553(a).

4

## II.

After the Supreme Court's decision in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the sentencing court first must correctly calculate the guideline imprisonment range and then must treat that range as advisory and impose a reasonable sentence. United States v. Talley, 431 F.3d 784, 786 (11th Cir. 2005). Specifically, the district court must impose a sentence that is both procedurally and substantively reasonable. United States v. Hunt, 459 F.3d 1180, 1182 n.3 (11th Cir. 2006); Gall v. United States, 552 U.S. __, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The Supreme Court has held that the reasonableness of a sentence is reviewed under an abuse-of-discretion standard. Gall, 552 U.S. at __, 128 S.Ct. at 597. "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable." United States v. Talley, 431 F.3d 784,788 (11th Cir. 2005).

The Supreme Court has explained that a sentence may be procedurally unreasonable if the district court improperly calculates the guideline imprisonment range, treats the Guidelines as mandatory, fails to consider the appropriate statutory factors, bases the sentence on clearly erroneous facts, or fails to adequately explain its reasoning. Gall, 552 U.S. at __ , 128 S.Ct. at 597. The Supreme Court instructed that the court "should set forth enough to satisfy the

5

appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority." Rita v. United States, 551 U.S. __, 127 S.Ct. 2456, 2468, 168 L.Ed.2d 203 (2007). Fed.R.Crim.P. 32(i)(4)(A) instructs the court that, before imposing a sentence, it must

> (i) provide the defendant's attorney an opportunity to speak on the defendant's behalf;(ii) address the defendant personally in order to permit the defendant to speak or present any information to mitigate the sentence; and (iii) provide an attorney for the government an opportunity to speak equivalent to that of the defendant's attorney.

The Supreme Court also has explained that review for substantive reasonableness involves inquiring whether the statutory factors in § 3553(a) support the sentence in question. Gall, 552 U.S. at __, 128 S.Ct. at 598-99. Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing listed in § 3553(a)(2), namely reflecting the seriousness of the offense, promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, protecting the public from future criminal conduct by the defendant, and providing the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The statute also instructs the sentencing court to consider certain factors, including the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence

6

disparities among defendants with similar records who have been found guilty of similar conduct  See 18 U.S.C. § 3553(a)(1), (6).

## III.

The district court did not impose a procedurally or substantively unreasonable sentence.  See Hunt, 459 F.3d at 1182 n.3; Gall, 552 U.S. at __, 128 S.Ct. at 597.[1]  First, the court gave Diggs the opportunity to speak before imposing a sentence on him, as required by Rule 32(i)(4)(A).  Although the court already had denied Diggs's request for a downward variance, and thus implied that it would impose a sentence within the guidelines imprisonment range, Diggs has not shown that the court already had decided on a specific sentence, and thus effectively imposed a sentence, before allowing him to speak.  Thus, Diggs's sentence is not procedurally unreasonable for this reason.

Also, although Diggs argues that the district court only considered the seriousness of the offense, the court heard arguments on Diggs's youth, work history, and criminal history, and also specifically stated that it had considered Diggs's youth and prior criminal history, such that it clearly considered the nature and characteristics of the defendant.  See 18 U.S.C. § 3553(a)(1).  The court also

[1] The government suggests on appeal that we review Diggs's allocution argument for plain error only, because he failed to raise this objection before the district court.  We need not determine, however, whether plain error review is appropriate regarding any of Diggs's specific arguments, as the district court did not commit error, much less plain error.

explicitly stated that it had considered the nature and circumstances of the offense and the need to avoid unwarranted sentencing disparities. See 18 U.S.C. § 3553(a)(1), (2), (6). Thus, Diggs's sentence is not procedurally unreasonable for this reason.

Furthermore, the district court considered the parties' arguments and explained that its choice of sentence had to do with the fact that Diggs's crime was a "violent, scary act of premeditated criminal conduct" that must be "severely punished." This explanation was sufficient to show that the court had a reasoned basis for imposing the sentence in question. See Rita, 551 U.S. at __, 127 S.Ct. at 2468. Thus, Diggs's sentence is not procedurally unreasonable for this reason.

Finally, the district court explained that it believed the sentence to be adequate in light of the nature and circumstances of the offense, the history and characteristics of Diggs, and the need for the sentence imposed to adequately reflect the seriousness of the offense. Given the seriousness of Diggs's crime, which involved shooting a gun in a room full of people, his sentence was in keeping with the factors set out in § 3553(a). See Gall, 552 U.S. at __, 128 S.Ct. at 598-99. Thus, Diggs's sentence is not substantively unreasonable for this reason. In conclusion, Diggs's sentence was neither procedurally nor substantively unreasonable. See Hunt, 459 F.3d at 1182 n.3; Gall, 552 U.S. at __, 128 S.Ct. at

8

597.  Accordingly, we affirm.

**AFFIRM.**